IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dexter Antonio Sheppard, # 312344, ) | C/A No.: 1:10-2729-CMC-SVH |
| Plaintiff, ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| James Parrish, Major, ) | |
| Defendant. ) | |

I.  Factual Background

Plaintiff Dexter Antonio Sheppard, proceeding pro se, is currently incarcerated at Kershaw Correctional Institution of the South Carolina Department of Corrections (SCDC). Pursuant to 28 U.S.C. § 636(b)(1), and Local Civ. R. 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district judge. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

In his Complaint, Plaintiff claims that he was harassed and slandered by Defendant, a corrections officer who Plaintiff contends loudly informed him and the other Special Management Unit (SMU) occupants that a nurse had "written [Plaintiff] up" for masturbating. Plaintiff alleges this is untrue, but that the officer's statement about it resulted in humiliation and fear on Plaintiff's part because he believes and fears that other prisoners think he is a homosexual. He states that later the same day, Defendant told

Plaintiff that he was "just kidding" and that the nurse had not written him up. Plaintiff seeks an injunction against Defendant to prohibit such "unprofessional conduct," as well as nominal and punitive damages.

II.  Discussion

   A.   Standard of Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630 n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal court. *Weller v.*

*Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). However, even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

B.  Analysis

Plaintiff's Complaint should be summarily dismissed for failure to state a claim on which relief can be granted because it is well-settled that "the use of vile and abusive language is never a basis for a civil rights action." *Grandstaff v. City of Borger*, 767 F.2d 161 (5th Cir. 1985) (there is no federal constitutional right to be free from emotional distress, psychological stress, or mental anguish, and, hence, there is no liability under § 1983 regarding such claims); *Henslee v. Lewis*, 153 Fed. Appx. 178, 180 (4th Cir.2005) (unpublished) ("[m]ere threats or verbal abuse by prison officials, without more, do not state a cognizable claim under § 1983."). Verbal abuse of a prisoner, even of the lewd variety, is not actionable under § 1983. *See Lowery v. McWhite*, C/A No. 0:10-920-JFA-PJG, 2010 WL 2228366, *2 (D.S.C. May 6, 2010) (citing *McBride v. Deer*, 240 F.3d 1287, 1291 n. 3 (10th Cir. 2001) (explaining that "acts or omissions resulting in an inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment")).

Plaintiff's allegations that he suffered humiliation and mental distress as a result of Defendant's harassment simply fail to state a claim upon with relief can be granted within this court's limited jurisdiction. While the statements allegedly made by Defendant may appear deplorable, they do not constitute an infringement of a constitutional right.

3

*Henslee*, 153 Fed. Appx. 178, 180; *see also Carter v. Morris*, 164 F.3d 215, 219 n.3 (4th Cir. 1999). Accordingly, it is recommended Plaintiff's Complaint be dismissed.

III.     Conclusion

For the foregoing reasons, it is recommended that the district judge dismiss the Complaint in this case without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

April 6, 2011                                                          Shiva V. Hodges
Florence, South Carolina                                     United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

4